IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BADGER PRECISION CUT-STOCK, INC.,

        Plaintiff,                                      ORDER

      v.                                              15-cv-832-wmc

BREWER MACHINE & PARTS LLC and
BREWER, INC.,

        Defendants.

---

In this civil action, plaintiff Badger Precision Cut Stock, Inc. claims that defendants Brewer Machine & Parts LLC and Brewer, Inc. breached the parties' contract and express and implied warranties, and violated Wisconsin's Deceptive Trade Practices Act, Wis. Stat. § 100.18. (Compl. (dkt. #1-1).) Invoking this court's diversity jurisdiction, defendants removed this action pursuant to 28 U.S.C. § 1446(b) and 28 U.S.C. § 1332(a)(1). (Not. of Removal (dkt. #1) ¶¶ 5, 6.) Because the allegations in the notice of removal and complaint are insufficient to determine whether diversity jurisdiction actually exists, defendants will be given an opportunity to file an amended notice of removal containing the necessary allegations.

OPINION

"Federal courts are courts of limited jurisdiction." *Int'l Union of Operating Eng'r, Local 150, AFL-CIO v. Ward*, 563 F.3d 276, 280 (7th Cir. 2009) (citation omitted). Unless a complaint alleges complete diversity of citizenship among the parties and an

amount in controversy exceeding $75,000, or raises a federal question, the case must be dismissed for want of jurisdiction. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802 (7th Cir. 2009). Because jurisdiction is limited, federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). Further, the party seeking to invoke federal jurisdiction bears the burden of establishing that jurisdiction is present. *Smart*, 562 F.3d at 802-03.

Here, defendants contend in their notice of removal that diversity jurisdiction exists because (1) the amount in controversy exceeds $75,000 and (2) the parties are diverse. (Not. of Removal (dkt. #1) ¶ 5.) For the latter to be true, however, there must be complete diversity, meaning plaintiff cannot be a citizen of the same state as any defendant. *Smart*, 562 F.3d at 803. Defendants' allegation as to the citizenship of defendant Brewer Machine & Parts LLC prevents this court from determining if this is so.

"[T]he citizenship of an LLC is the citizenship of each of its members," yet defendants have not alleged sufficient information to determine whether complete diversity exists here. *Camico Mut. Ins. Co. v. Citizens Bank*, 474 F.3d 989, 992 (7th Cir. 2007). Indeed, the notice of removal lacks *any* allegations regarding the names or the citizenship of any of defendant Brewer Machine & Parts LLC's members. Instead, defendants allege that the LLC defendant is "a Kentucky limited liability company." (Not. of Removal (dkt. #1) ¶ 4.) The complaint similarly alleges that Brewer, LLC is a "Kentucky limited liability company," with a principal place of business also located in

Kentucky.  (Compl. (dkt. #1-1) ¶ 2.)  The Seventh Circuit instructs, however, that this information is wholly irrelevant in deciding the citizenship of a limited liability company. *Hukic v. Aurora Loan Serv.*, 588 F.3d 420, 429 (7th Cir. 2009).[1]

Before dismissing this action for lack of subject matter jurisdiction, defendants will be given leave to file within 14 days an amended notice of removal which establishes subject matter jurisdiction by alleging the names and citizenship of each member of Brewer Machine & Parts, LLC.  In alleging the LLC's citizenship, defendants should be aware that if any members of the LLC are themselves a limited liability company, partnership, or other similar entity, then the individual citizenship of each of those members and partners must also be alleged as well:  "the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be." *Meyerson v. Harrah's E. Chi. Casino*, 299 F.3d 616, 617 (7th Cir. 2002).

ORDER

IT IS ORDERED that:

1) Defendants Brewer Machine & Parts, LLC and Brewer, Inc. shall have until January 19, 2016, to file and serve an amended notice of removal containing good faith allegations sufficient to establish complete diversity of citizenship for purposes of determining subject matter jurisdiction under 28 U.S.C. § 1332; and

2) failure to amend timely shall result in prompt dismissal of this matter for lack of subject matter jurisdiction.

---

[1] As for the other defendant, the complaint and notice of removal together provide sufficient information to establish that Brewer, Inc. is a citizen of Kentucky.  (*See* Not. of Removal (dkt. #1) ¶ 4 (identifying Brewer, Inc. as a Kentucky corporation); Compl. (dkt. #1-1) ¶ 3 (identifying the principal place of business as Central City, Kentucky).)

Entered this 5th day of January, 2016.

                BY THE COURT:

                /s/

                _____
                WILLIAM M. CONLEY
                District Judge